# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KAREN DENISE STRIPLING,**

    Plaintiff,

vs.                                                           Case No. 4:22cv188-WS-MAF

**FLORIDA DEPARTMENT OF LAW ENFORCEMENT,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

On May 13, 2022, Plaintiff filed a notice of removal, ECF No. 1, and paid the filing fee, ECF No. 2, seeking to remove this case from state court to federal court. It appears from Plaintiff's notice that she filed suit against the Defendant in early May 2022. *Id.* at 2. She states that she seeks to remove this case "from the Fourteenth Judicial Circuit to the Federal District Court for North Florida." *Id.* at 6.

---

[1] On May 19, 2022, Plaintiff's notice of removal was reviewed and a recommendation was made to dismiss the case. ECF No. 4. Unfortunately, that document was titled as an "Order" instead of as a "Report and Recommendation." That mistake is now corrected. No other change is made between this Report and Recommendation and the erroneously titled "Order," ECF No. 4.

First, Plaintiff has not complied with the procedures for removing a case to federal court because she did not file "a copy of all process, pleadings, and orders" from the state court action with her notice of removal as required by 28 U.S.C. § 1446(a).  Second, Plaintiff has not demonstrated that the case is removable because she has not shown that this Court has jurisdiction over the issues raised in the complaint.  *See* 28 U.S.C. § 1441.

However, the primary problem with this case is that only a defendant may remove an action from state court to a federal district court.  28 U.S.C. § 1446(a).  Thus, because Plaintiff is not entitled to remove a case she filed in state court, this case must be remanded back to state court.

An additional problem here is that Plaintiff did not file copies of the state court record and the Court is unaware of the case number of the underlying case.  Moreover, Plaintiff has not demonstrated that written notice was given to the adverse parties or that she filed a copy of the notice of removal with the clerk of the state court.  28 U.S.C. § 1446(d).  In light thereof, the Court is unable to properly remand this case to state court.  28 U.S.C. § 1447(c).  Thus, the Court should dismiss this action.  Plaintiff must either pursue her claims in state court.

Case No. 4:22cv188-WS-MAF

## RECOMMENDED

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed because Plaintiff's notice of removal, ECF No. 1, is insufficient to remove a case to federal court.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**